## IRWIN *vs.* RILEY.

1. The court below was right in holding that the verdict was proper as to two of the defendants.
2. While the judge of the superior court is clothed with ample power to grant or refuse new trials on terms, yet where the suit and recovery was against three as joint contractors, the judge could not refuse a new trial on condition that the plaintiff should release and cancel the judgment as to one of the defendants, as to whom the evidence failed to support the verdict.
3. The power of the supreme court is more ample as to moulding the case in the court below. This court may award such order and direction to the cause in the court below as may be consistent with the law and justice of the case.
(*a.*) The verdict and judgment being right as to two of the defendants, and unsupported as to the third, it is therefore ordered that a new trial be granted, unless the plaintiff will dismiss his suit as to the last named defendant, and in that event that it be refused. The question of contribution between him and his co-defendants is left open.

New Trial. Practice in Superior Court. Practice in Supreme Court. Before Judge STEWART. Rockdale Superior court. August Term, 1881.

Reported in the decision.

A. C. PERRY; A. C. McCALLA, for plaintiffs in error.

GEO. W. GLEATON; J. N. GLENN, for defendant.

SPEER, Justice.

Riley, the defendant in error, brought his action against Willis Irwin, H. W. Hammock and William I. Turner, on account, for the sum of three hundred dollars for work and labor done and performed by him for defendants in building a bridge over Yellow river in Rockdale county. Under the evidence and charge of the court the jury returned a verdict for the plaintiff for the sum of two hundred dollars, with interest.

The defendants made a motion for a new trial on various grounds, as set forth in the record: That the verdict was contrary to law, to the charge of the court, to the evidence, weight of evidence, and for certain errors of the court as set forth in his charge to the jury. Also that there was no evidence to support the verdict as to Wm. I. Turner, one of the defendants.

On the hearing of the motion for new trial, the judge entered a judgment thereon as follows: "A new trial is granted, unless plaintiff will write off, release and cancel, the judgment obtained against William I. Turner. If plaintiff should do this in ten days from this date, then as to the other defendants a new trial is refused."

Within ten days from said judgment plaintiff complied with the conditions imposed by the court by releasing in writing (of record) the defendant, Wm. I. Turner, from said judgment, whereupon the other two defendants, Irwin and Hammock, excepted, and assigned as error the

judgment of the court refusing said new trial, and excepted also to the terms on which said new trial was refused.

We find no error in the court's refusing a new trial as against these plaintiffs in error on any of the grounds set forth preceding the seventh ground of the motion for a new trial, and we fully concur with the court that there was no sufficient evidence to sustain a verdict against Wm. I. Turner. But the question is presented, whether the court could refuse the new trial as to the other defendants by imposing conditions, such as he did, upon the plaintiff to discharge Turner from the judgment.

That the court has large and ample authority, resting in its sound, legal discretion, either to grant or refuse new trials on terms, is so firmly established by precedent and practice that it cannot be questioned.

The terms on which new trials are usually granted or refused are distinguishable into two kinds: one where costs only are imposed, the other where the court superadds to the payment of costs other conditions with reference to the pleadings, or the merits, or the probable result. Graham N. T., 597. The terms imposed on setting aside or refusing to set aside, in addition to costs, are either ordinary or extraordinary.

The extraordinary terms arise out of the merits of the case, the relative situation of the parties, the probable consequences of delay, the advantage or disadvantage of delay, or from opening the whole case and putting the entire merits afloat, and to protect the rights of the party in possession of the verdict, the court may insert stipulations in the rule, and for this purpose will look into the case. 1 Graham on New Trials, 604; 1 Bos. and Pal., 158. While the court is thus clothed with large discretion as to the terms it can impose in granting or refusing new trials, in so doing the interest of all the parties should be carefully guarded. We concur in the opinion of the court below that there is no legal ground for dis-

turbing the verdict rendered against Irwin and Hammock, and we also hold that the verdict against Turner was unsupported by the evidence and should not be allowed to stand. But in relieving Turner, one of the defendants, we do not think the justice or law of the case demand that a new trial should be had vacating the verdict against the other two defendants; that would operate unjustly to the rights of the plaintiff. The court below entertaining these views sought to mete out justice to all parties by refusing the new trial as to Irwin and Hammock on condition that plaintiff would release and discharge Turner from the judgment, and so ordered. We question the authority of the circuit judge to impose such terms. The discharge of Turner by the plaintiff as a co-defendant in a joint judgment, might, by operation of law, discharge the other two defendants, and thus the recovery of plaintiff would be barren of results. The consent plaintiff gives to the discharge of one joint defendant under the conditions imposed by the court might prove more disastrous than to submit to a new trial.

But the authority of this court, as conferred by statute, in the judgments here pronounced is not so limited. In any cause tried here, it is within its power "to award such order and direction to the cause in the court below as may be consistent with the law and justice of the case." Code, §4284.

In the case of *Davis et al. vs. Gurley*, 51 *Ga.*, 74, which was an action for trespass brought by Gurley against Charles Davis, William Davis, Dine Davis and William Morgan, as joint trespassers, for damage done to plaintiff's stock, the jury returned a verdict against all the defendants. The court said, on motion for new trial and writ of error to this court: "There is no evidence in the record to justify the finding against any of the defendants except Charles Davis—nothing connecting the other three defendants with the killing, either by acts or threats. In our opinion the verdict can be sustained against Charles Davis

only by the evidence. Under the authority given to this court by section 4284 of the Code, we reverse the judgment of the court below and order a new trial, unless the plaintiff will remit from his judgment the sum of $114.00, and dismiss the suit as to William Davis, Dine Davis and William Morgan."

So in the present case there being, in our opinion, evidence sufficient to sustain the verdict as to Willis Irwin and H. W. Hammock, but insufficient as to William I. Turner, we reverse the judgment of the court below in the terms as pronounced by him, and order a new trial in said case as to all the defendants, unless the plaintiff will dismiss his suit as to William I. Turner; on the plaintiff complying with this order, the judgment of the court refusing a new trial as to Willis Irwin and H. W. Hammock will stand affirmed.

This disposition of the case as to Turner also leaves the question open as between him and his co-defendants, as to his liability to them for contribution, if they should pay the judgment recovered.

While the judge below sought to attain the same conclusion at which this court has arrived, and grant the relief to the defendant, Turner, in the mode adopted by him, yet we think it best to pursue the precedent as fixed by this court in the case cited, as being the better mode under the law and facts.

Judgment affirmed on terms.