### CHAMBLESS *v.* MELTON.

1. It was not erroneous for the trial judge, by his charge to the jury, to confine their investigation to a single issue, that being the only one in regard to which there was a conflict in the evidence.
2. The plaintiff's claim for damages, in his petition, was for the lowest amount which, under the provisions of the act approved December 17, 1901 (Acts 1901, p. 63), the jury would have been authorized to award him by their verdict, in case their finding was in his favor; and the court properly charged the jury: "If you find that issue [the only issue in controversy under the evidence] in favor of the plaintiff in this case, then it would be your duty to find for the plaintiff the amount sued for."
3. No abuse of discretion by the trial court is shown in the overruling of that ground of the motion for a new trial based on the ground of newly discovered evidence.
4. The plaintiff in error being sued with another as joint tort-feasor, a verdict in favor of the latter did not operate to relieve the former of such liability as the evidence might establish against him.

Submitted July 18, 1906.—Decided January 18, 1907.

Action for damages. Before Judge Spence. Terrell superior court. August 21, 1905.

Melton brought suit against Chambless and Bolton to recover damages for an alleged violation of the provisions of the act ap-

proved December 17, 1901 (Acts 1901, p. 63). The petition alleged, in substance, that the plaintiff entered into a written contract, executed before an officer authorized to administer oaths, with one Riley Simmons, under the terms of which Simmons agreed to work for the plaintiff as a farmhand during six months of the year 1904, for which work the plaintiff was to pay $9 per month; that the defendants employed said Simmons during the life of said contract, and refused to discharge him after the plaintiff had notified them of the existence of the contract. The defendants filed an answer denying the material averments of the petition, and undertook to prove that the written contract introduced by the plaintiff was a forgery, and that Simmons never made such a contract. The evidence failed to make out a case against Bolton. The plaintiff testified, in part: "I found him [Simmons] employed at J. M. Chambless' sawmill," and it nowhere appears from the record that Bolton had any interest in the mill, except as manager, or that he ever employed Simmons. The court directed a verdict in favor of Bolton, but submitted to the jury the issue as to whether or not Chambless was liable. The jury returned a verdict against Chambless, for $108. He moved for a new trial on the general grounds; because of newly discovered evidence; because the court charged the jury as follows: "The only issue for you to pass upon is whether or not the claim made by the plaintiff, that he had a lawful, written, binding contract with this laborer, is true, or whether it is not true. You take the facts and circumstances, and see if the preponderance of the testimony shows that a contract was signed by the negro Simmons, as claimed by the plaintiff, and if you are satisfied that the preponderance of the testimony shows that, then you would find in favor of the plaintiff; but if you are not satisfied that the preponderance of the testimony shows that, you should find in favor of the defendant;" and because the court charged the jury as set forth in the second headnote. The court overruled the motion for a new trial, and the defendant excepted.

*James G. Parks* and *William H. Gurr,* for plaintiff in error.

*M. C. Edwards,* contra.

BECK, J. (After stating the facts.)

1, 2. The charge of the court excepted to in the second ground of the amended motion was an application of the plain terms of the

act of the legislature approved December 17, 1901 (Acts 1901, p.. 63), to the facts of this case. In the first section of that act it is provided that "when the relation of employer and employee, or of landlord and tenant of agricultural lands, or of landowner and cropper, has been created by written contract duly executed before an officer authorized to administer oaths, it shall be unlawful for any person during the life of said contract, made and entered into in the manner above prescribed, to employ or to rent lands to, or to furnish lands to be cropped by said employee, tenant or cropper, or to disturb in any way said relation, without first obtaining the written consent of said employer, landlord, or landowner, as the case may be." There was sufficient evidence to authorize the jury to find that at the time the defendant employed Riley Simmons, there existed between the latter and the plaintiff the relation of employer and employee, which had been created by a written contract duly executed before an officer authorized to administer oaths, and that consequently the defendant was liable in damages to the plaintiff, according to the provisions of said act; there being no evidence to establish either of the defenses specially provided therein, and the only other valid defense attempted to be set up having been duly submitted to the jury in that portion of the charge set forth in the second ground of the amended motion. The same statute prescribes that the damages recovered shall not be less than double the amount of the wages or salary for the period of said contract, and that was the measure rightly stated by the court in his instructions to the jury.

3. The court below did not err in overruling that ground of the motion for a new trial based upon the alleged newly discovered evidence. It does not appear from the record that both of the attorneys for the defendant were ignorant of the facts stated in the affidavit which contains the alleged newly discovered evidence; and besides, the court might well have concluded that due diligence would have enabled the defendant to discover this evidence as well before as after the trial. And moreover, "this court will not control the discretion of the court below in refusing a new trial on the ground of newly discovered testimony, unless it be such testimony as would very probably, if not certainly, change the verdict." *Mallory* v. *State,* 56 *Ga.* 545.

4. The plaintiff in error, with another, was sued as a joint tort-

feasor; their liability was joint and several, and the direction of a verdict in favor of his codefendant afforded no reason (the evidence authorizing it) why there should not have been a verdict against him (plaintiff in error). *Austin* v. *Appling, 88 Ga. 55*(5).

The question as to whether the act upon which the plaintiff relies, to render the defendant liable for the damages claimed in this case, is constitutional or not, was not raised in the court below, and the point can not be made in this court for the first time by any suggestion in the brief of counsel for plaintiff in error.

*Judgment affirmed.   All the Justices concur, except Fish, C. J., absent.*