### 6836.   CRUMP *et al. v.* KNOX *et al.*

WADE, C. J. "Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity." Civil Code, § 5927. The contention that the verdict in this case is indefinite and uncertain and for that reason can not be executed is without merit. The verdict is in accord with the charge of the court, and it is apparent, from the pleadings and the evidence, that plan number 1, establishing the drainage district at a cost of $96,683, was the plan referred to by the verdict and in favor of which the jury found.

2. The court did not err in declining to give the requested charge set out in the 5th ground of the motion for a new trial, since, under the act of 1911 (Acts of 1911, p. 116, sec. 12; 1 Park's Ann. Code, § 439 (1) ), it is not necessary that the land to be benefited shall itself be wet or swamp land, or subject to overflow; it need only be benefited to some degree by the construction of the proposed ditch or ditches. The requested charge would have excluded all land not actually wet or subject to overflow, notwithstanding some benefit would result to it from the execution of the plan of drainage. Under this ruling, the court did not err in giving the charge set out in the 8th ground of the motion for a new trial. Nor was there any error in submitting to the jury the question of the benefit to health which might result from the execution of the drainage plan as affecting lands in "Class E," as the purpose of the drainage law, as stated in the caption of the act (Acts of 1911, p. 108), is "to promote the public health, convenience, and welfare."

3. The testimony of an expert, as to his opinion as such, is admissible upon any matter, if the opinion given relates to scientific or technical knowledge. *McClendon v. State,* 7 *Ga. App.* 784 (68 S. E. 331). "Testimony as to value necessarily involves an opinion, and is not objectionable for that reason, if the witness is shown to be an expert, or states a sufficient basis for testifying on the subject. Civil Code (1910), § 5875; *Central Railroad v. Wolff,* 74 *Ga.* 664 (3) ; *Miller v. Luckey,* 132 *Ga.* 581 (64 S. E. 658)." *Southern Cotton Oil Co. v. Overby,* 136 *Ga.* 69, 72 (70 S. E. 664). See also *Morrow Transfer Co. v. Robinson,* 8 *Ga. App.* 409 (69 S. E. 317). There is no substantial merit in the 6th ground of the motion for a new trial, which complains of the refusal of the court to give a requested charge as to the value of expert testimony, or in the 7th ground, which complains of the charge given on that subject. The requested charge was not altogether accurate,

and was couched in language calculated to convey to the jury an inti-
mation of opinion on the part of the court as to the value of expert
testimony. There is no reversible error in the charge actually given
on this subject.

4. In the admission of the testimony set out in the 9th, 10th, 11th, 12th,
13th, 14th, 15th, 16th, and 17th grounds of the motion for a new trial,
and the documentary report of the board of viewers, as complained of
in the 11th ground, there was no error that requires the grant of a
new trial.

5. There is no merit in the exception to the charge set out in the 18th
ground of the motion for a new trial, when it is taken in connection
with the entire charge of the court. The expert testimony complained
of clearly referred to the question whether or not the proposed drain-
age would aid the health of the people of the Broad River drainage
district.

6. In view of the instruction elsewhere given by the trial judge, that the
burden of proof rested upon the applicants to satisfy the jury, by a
preponderance of the testimony, of the truthfulness of their conten-
tion, and in view of the further instruction that if the jury were not
satisfied by a preponderance of testimony, they should return a verdict
against the applicants, there is no merit in the contention raised by the
19th ground of the motion for a new trial, that the court, in the excerpt
therein complained of, placed upon the defendants a greater burden
than is imposed by law, by instructing the jury "to return a verdict
in favor of that party whose testimony preponderates."

7. The evidence as a whole sufficiently supports the verdict, no material
error was committed on the trial, and the court did not err in over-
ruling the motion for a new trial.                    *Judgment affirmed.*

DECIDED JULY 19, 1916.

Appeal; from Franklin superior court—Judge Park presiding.
July 7, 1915.

*W. S. McDaniel, George L. Goode,* for plaintiffs in error.

*J. H. & Parke Skelton, H. H. Chandler, W. R. Little,* contra.