## 11263.   RODDENBERRY et al. v. FOUCHE.

SMITH, J. 1. Although a mortgage is not sufficient to sustain an action of trover (Civil Code, § 3256; *Horton* v. *Murden*, 117 *Ga.* 72, 43 S. E. 786), the instrument which is the basis of this trover suit was in all respects in the form of a bill of sale reserving title to the personalty sold, and cannot properly be treated as a mortgage merely because it contains the following clause: " As soon as the said first party shall pay or cause to be paid all of the aforesaid notes as they become due, then and in that event title to the said Ford automobile car shall become hers, and the said party of the second part agrees that upon the payment as aforesaid of said notes to make to the said party of the first part a warranty title to the said Ford car." See *Pitts* v. *Maier*, 115 *Ga.* 281 (1) (41 S. E. 570), reviewing and overruling *Frost* v. *Allen. 57 Ga.* 326, and *Pirkle* v. *Mortgage Co.*, 99 *Ga.* 524 (28 S. E. 34).

2. Where a deed or bill of sale described the property sold as " one Ford automobile that the said party of the first part has this day pur-

chased of the said party of the second part," and an action of trover was brought by the seller to recover the automobile from two parties who had purchased it from the original buyer, it was not error, upon the trial of the case, to overrule an objection by the defendants to the admission in evidence of this instrument on the ground that the property sued for was not sufficiently described therein. The case of *Thomas Furniture Co.* v. *T. & C. Furniture Co.*, 120 *Ga.* 879 (48 S. E. 333), is controlling on this question. See also *Farkas* v. *Duncan*, 94 *Ga.* 27 (20 S. E. 267); *Nichols* v. *Hampton*, 46 *Ga.* 253; *Beaty* v. *Sears*, 132 *Ga.* 516 (1) (64 S. E. 321). The case of *Reynolds* v. *Tifton Guano Co.*, 20 *Ga. App.* 49 (92 S. E. 389), is not in conflict with anything here ruled, for in that case the description properly held to be legally insufficient was clearly too general, vague, indefinite and uncertain to claim the aid of extrinsic parol evidence.

3. The charge of the court was free from reversible error, there was evidence to authorize the verdict returned, and the court did not err in overruling the motion for a new trial.

. *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 8, 1920.

Trover; from city court of Brunswick — Judge Krauss. December 20, 1919.

*Conyers & Wilcox,* for plaintiffs in error.

*Robert W. Durden, Frank H. Harris,* contra.