18398. HENDRICKS *et al.* v. HENDERSON.

*R. F. Hendricks, R. A. Hendricks, Jeff S. Story,* for plaintiffs in error. *William Story,* contra.

BELL, J. S. B. Henderson brought a trover suit against R. F. Hendricks and B. E. Hendricks for the recovery of certain farm implements as follows: a tobacco transplanter, a hay-rake, a mower, and a hay-press. The plaintiff elected to take a money verdict and the jury found in his favor for $200. The defendants moved for a new trial, which the court refused, and they excepted.

The plaintiff claimed to have acquired the property from Mrs. R. A. Hendricks in purchasing or trading for a certain farm and the implements thereon on March 17, 1926. This transaction occurred in Miami, Florida, and in the negotiations Mrs. Hendricks was represented by her husband, Mr. R. A. Hendricks. Besides the conveyance of the real estate by deed, the parties entered into a separate written agreement embodying certain collateral matters and containing the following provision: "The first parties, in addition to the sale of the real estate and all improvements thereon, likewise sell and convey three head of mules now in possession of L. P. Cannon, the foreman of said farm, which said three mules are known by said Cannon and others to be worked on and belong to this farm, also all the stock cattle, milk cows, etc., on said farm; also all the farming implements, gear, wagons, tools, one Ford automobile truck, hoes, plows, axes, etc." The plaintiff's contention was that at the time of the transaction referred to the four articles in question were located upon the farm as a part of its equipment and were conveyed to the plaintiff therewith. The plaintiff made no previous examination of the property, and claims to have relied upon the representations of Mr. Hendricks (R. A.) as to what articles of personalty were situated on the farm and would pass therewith. The defendants, R. F. Hendricks and B. E. Hendricks, were sons of Mr. and Mrs. R. A. Hendricks, and resided in Georgia, near the plantation referred to, while their parents were residents of Miami. The plaintiff attempted to show that the defendants converted the property by removing it from the farm soon after

the sale or trade between him and their mother. The defendants contended that the property in controversy was not the property of Mrs. Hendricks but was the property of her husband, and that it was expressly excepted from the transaction in respect of the farm. The defendants denied also that they had committed any conversion of the property; and this was one of the issues for the jury.

From a careful examination of the evidence, we have concluded that the verdict was wholly unauthorized as to the defendant B. E. Hendricks, in that there is nothing whatever to show that this defendant exercised any dominion or control over, or intermeddled or interfered with, any of the property at any time, or that it was ever in his possession. See *Haas* v. *Godby*, 33 *Ga. App.* 218 (125 S. E. 897). In a case of this sort a verdict which is joint against both defendants must stand or fall in its entirety. It follows that the judgment refusing a new trial must be reversed as to both defendants. *Finley* v. *So. Ry. Co.*, 5 *Ga. App.* 722 (3) (64 S. E. 312); *Gilstrap* v. *Leith*, 24 *Ga. App.* 720 (102 S. E. 169).

The court charged the jury as follows: "Understand that the plaintiff has elected to take a money verdict, and that would entitle him, under the law, to a verdict for the highest amount that he can prove the value of the property to be between the date of the conversion and the trial of the case." Standing alone, this charge would seem to be erroneous, in that it amounted to a statement that the plaintiff's mere election to accept a money verdict entitled him to recover. Whether any such possible error was cured by the general charge, the learned trial judge will no doubt exercise caution to avoid error in this connection at the next trial. We make the same observation with reference to the charge in which the court referred to the "conduct" of the defendant. We have examined all grounds of the motion for a new trial, and, except as above indicated, each of them is without merit.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*