30572. AIRCRAFT APARTMENTS INC. *v.* HAVERTY FURNITURE CO.

Decided September 20, 1944.

*Neely, Marshall & Greene, Gordon M. Combs,* for plaintiff in error.

*Hirsch, Smith, Kilpatrick, Clay & Cody,* contra.

FELTON, J. ■ Whether, under other circumstances, the answer set up damages not too remote to be recovered, it did not set up such damages under the facts here presented. It was the duty of the defendant to minimize the damages resulting from the plaintiff's breach of the contract, and the allegations of the answer show

that it made no effort to do so. It was the duty of the defendant to purchase other springs suitable for the beds purchased and charge the plaintiff with the difference in price, if any, and in the event it could not do so, to purchase beds complete with springs and mattresses and charge the plaintiff with the difference between the purchase-price of the complete bed outfits and the value of the beds and mattresses purchased from the plaintiff without the springs. The answer did not allege that other suitable and usable springs could not be obtained without the purchase of beds and mattresses, but merely alleged that similar springs could not be obtained without the purchase of complete beds, including mattresses and springs. The answer did not allege that the defendant sought to minimize the damage, or to establish the damage following naturally and according to the usual course of things and such as, in the eyes of the law, were contemplated by the parties. Code, § 20-1407. It can not be said, under the allegations, that the plaintiff should have contemplated that the defendant depended for the success of its project upon the obtaining of 300 bed springs from the plaintiff, and that the plaintiff's failure to deliver them would render the project valueless to the defendant. Under the allegations the computation of loss of profits claimed would depend on the grossest speculation as to number of rentals, price of rentals, and time for which they might have been made. The court did not err in striking the portion of the answer in question.

■ The judgment of the court overruling the motion for a new trial, after the amount of $600, representing the difference between the cost price and the market value of the springs, was written off of the verdict, was not harmful to the defendant. There was no evidence in the case from which a jury could determine the market value of the springs. One defense witness stated his opinion of the market value of a ninety-coil spring. Those ordered were fifty-coil springs. Another defense witness testified that there was no market for such a spring without beds and mattresses, yet gave his opinion that the market value was from $9.95 to $14.95. There was no basis for such an opinion. Another defense witness gave his opinion that the market value of such springs was $11.95, but he arrived at his conclusion from a comparison of a description he was given of the springs ordered, with certain springs he had in his furniture stock for sale. There was no way

a jury could ascertain from his testimony whether his opinion that $11.95 was the market value of the springs ordered, was based on his comparison with springs he had in stock which compared with the springs ordered. This witness stated that he could not tell from the contract what the market value of the springs was. The plaintiff's witness did not testify as to the market value of the springs. He simply stated what the retail cash and credit price was. This alone is not enough to establish market value. *Collins & Glennville R. Co.* v. *Beasley,* 36 *Ga. App.* 241, 243 (136 S. E. 167), and cit.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*