30739. ADAMS *v.* WEBB.

DECIDED JANUARY 31, 1945.

*Lester F. Watson,* for plaintiff in error.

*R. I. Stephens,* contra.

SUTTON, P. J.   W. K. Webb filed a trover suit against Murray Stinson and D. G. Adams for a certain Ford automobile. The defendants filed separate answers, each denying any right on the part of the plaintiff to recover. On the trial of the case, the plaintiff conceded that he was not entitled to recover against Stinson, and, by agreement, a verdict was directed in his favor. The case proceeded against Adams, the other defendant, and the jury returned the following verdict: "We, the jury, find in favor of the plaintiff the value of the car $100, and $24.50 interest." Adams

made a motion for a new trial, which was overruled, and the exception here is to that judgment.

■ A verdict against one joint tort-feasor is not illegal for the reason that a verdict may have been rendered in favor of the other tort-feasor, as contended by the plaintiff in error in one ground of the motion for a new trial. *Chambless* v. *Melton,* 127 *Ga.* 414 (4) (56 S. E. 414); *Gray* v. *Watson,* 54 *Ga. App.* 885, 895 (189 S. E. 616).

■ The plaintiff contended that he owned and had title to the automobile in question and that it was turned over to Adams by Miller's garage upon a written order from the plaintiff to Miller, and that in receiving the automobile, Adams receipted the garage for it as W. K. Webb's car. Adams contended that the plaintiff did not own the car; that he had parted with the title before filing this trover suit. The evidence was in conflict with respect to the different contentions of the parties, but the jury resolved the conflicts in favor of the plaintiff, and the evidence was sufficient to authorize the finding in his favor, except in the particular hereinafter stated.

■ The plaintiff elected to take a money verdict, and the jury returned a verdict in his favor for the value of the car in the sum of $100, and $24.50 interest. Under numerous decisions of this court and the Supreme Court the verdict should have been for a lump sum, and not for principal and interest separately. The verdict in this respect is illegal, and is so excepted to in one special ground of the motion for new trial. See *Dugas Corporation* v. *Georgia Power Co.,* 43 *Ga. App.* 536 (159 S. E. 592), and *Beaver* v. *Magid,* 56 *Ga. App.* 272 (192 S. E. 497), and cit. Accordingly, the verdict as written cannot be upheld; but the judgment is affirmed, with direction that at the time the remittitur from this court is made the judgment of the trial court the plaintiff write off the amount of interest from the verdict and judgment; otherwise, the judgment shall stand reversed.

*Judgment affirmed, with direction. Felton and Parker, JJ., concur.*