### 35386. GENERAL ACCEPTANCE CORPORATION v. PRICE.

QUILLIAN, J. 1. The plaintiff failed to prove the fair market value of the chattel converted; therefore the verdict for the plaintiff was unauthorized. The only evidence tending to establish its value was the price at which it had been sold some five months previous to the time the plaintiff alleges he was wrongfully deprived of its possession, and the defendant was not a party to that sale nor concerned in it. "As a general rule, the selling price of an article, though relevant upon the question, is not, when standing alone, sufficient to establish market value." *Collins & Glenville R. Co.* v. *Beasley*, 36 *Ga. App.* 241, 243 (136 S. E. 167), and cases therein cited; *Aircraft Apartments, Inc.* v. *Haverly Furniture Co.*, 71 *Ga. App.* 560 (31 S. E. 2d 419). Especially is this true when, as in this case, the chattel has a fluctuating, rather than a stable, value, such as an automobile.

2. Since the plaintiff failed to prove the fair market value of the automobile converted, there was no evidence from which the jury could find what interest, if any, the plaintiff had in the automobile; and the charge authorizing the jury to find that the plaintiff had an interest in the automobile, from the mere fact that he had made certain payments thereon, was error.

3. A money verdict in a trover case in which separate amounts are returned for principal and interest is contrary to law. *Adams* v. *Webb*, 72 *Ga. App.* 66 (3) (32 S. E. 2d 922); *Beaver* v. *Magid*, 56 *Ga. App.* 272 (192 S. E. 497).

> *Judgment reversed. Felton, C. J., and Nichols, J., concur.*
>
> DECIDED JANUARY 18, 1955.

*Robert T. Efurd, Calhoun A. Long, Jr.,* for plaintiff in error.
*Morgan C. Stanford, Francis Y. Fife,* contra.