37242. WINTER BROTHERS, INC. *v.* JACKSON.

DECIDED SEPTEMBER 4, 1958—REHEARING DENIED SEPTEMBER 23, 1958.

*Glenn B. Hester, Sanders, Thurmond & Hester,* for plaintiffs in error.

*Cumming, Nixon, Eve, Waller & Capers,* contra.

FELTON, Chief Judge. 1. The defendant contends that the amended petition did not contain a sufficient description of the property to withstand a general demurrer. The contention is without merit. The following are representative of the descriptions of the various articles: "1 head for 200 gal. mixer, 42″ over all, ½″ steel, seamless, value $180.00", "1 contractor's drum hoist and base, value $250.00", "2 International centrifuges and 3 additional bronze heads, value $400.00", "1 truck transmission, value $12.00", "2 Turbula agitators 6″, value $300.00". It was alleged that the described articles were stolen by named persons during a period of several weeks in the spring of 1955, and were sold to the defendant by those named persons or by their agents who were known to the defendant's officers. Construing the petition as a whole, the descriptions of the articles were sufficient to withstand a general demurrer. *Roddenberry* v. *Fouche,* 25 *Ga. App.* 148 (2) (102 S. E. 869); *Redd & Co.* v. *Lathem & Sons,* 28 *Ga. App.* 64 (110 S. E. 322); *Graham* v. *Raines,* 83 *Ga. App.* 581 (1a) (64 S. E. 2d 98).

2. The evidence shows that most of the articles stolen from the plaintiff were broken up into junk by the thieves prior to the sale to the defendant and to other junk yards in the area. The plaintiff testified that some of the articles stolen were recovered from other junk yards but that those items were not sued for in this action. Some of the thieves testified. The gist of the testimony was that they took two loads of the "junk" and "scrapiron" to the defendant's place of business. The best description of the articles sold to the defendant was the testimony of Henry Harper Philpot who testified in part: "I went out there the first time, I went out there to get some copper cylinders laying around out there. Me and Peter and James Little went and we got, I

don't know how many cylinders it was but we got them and some motor blocks and some angle irons. We taken it down there to Mr. Winter and sold it to him." The specific articles as described by the witness Philpot cannot be identified in the list attached to the petition and there was no evidence as to the value of these articles named by Philpot. While the evidence may have authorized a finding that two ¾-ton truckloads of "junk" or scrap iron were sold to the defendant, there was no evidence as to their value. The only evidence as to value was the testimony of the plaintiff that the value of each item listed on the exhibit to his petition was the true value of each item. This was not sufficient to authorize a finding as to the value of the "junk" sold to the defendant or of the articles named by Philpot. Since there was no such evidence the verdict was unauthorized.

The court did not err in overruling the renewed demurrer to the amended petition. The court erred in denying the motion for judgment notwithstanding the verdict, and the court is directed to enter a verdict in accordance with that motion.

*Judgments affirmed in part and reversed in part with direction. Nichols, J., concurs. Quillian, J., concurs specially.*

QUILLIAN, Judge, concurring specially. I concur in the majority opinion. My conclusion that the evidence did not authorize the verdict is not based upon any witness's denomination of the chattels for the recovery of which the suit was brought as "junk".

The petition alleged a specific amount as the market value of the articles therein described and alleged to have been converted by the defendant. The petition alleged the conversion of the chattels in two ways: one the demolition of the same by the defendant at his direction; the other by taking them into his possession and exercising dominion over them. The plaintiff testified to the aggregate market value of the items stolen from him, and offered no evidence as to the value of each or any of the articles severally. So unless all of the articles were proven to have been converted by the defendant no data was furnished the jury upon which a money verdict could be predicated. The plaintiff relied upon the testimony of one of the thieves to prove

some of the articles were demolished at the request of the defendant, before he purchased them. The evidence fell short of the mark, for while the thief testified that he reduced some of the articles to "junk" at the direction of a man from Winter's, there was no proof that the defendant authorized the man to act in his behalf in the transaction. Indeed, there was a complete failure to prove the articles were damaged at the behest or even with the knowledge of the defendant. Hence, when the articles came into the possession of the defendant there was no proof of their value. There was no evidence that all of the articles described in the petition, or the value of which was included in the plaintiff's estimate of the value of all of the articles, ever came into the defendant's possession.

The evidence simply failed to show the value of the articles converted by the defendant, and furnished no information from which their value could be ascertained.