## 39768. JONES v. ALEXANDER.

Carlisle, Presiding Judge. This is a trover case. The judge charged the jury that if they believed the plaintiff was entitled to recover they should find the value of the property sued for, since the plaintiff had so elected, and it would then be their duty to fix the amount of the interest; that the legal rate of interest is 7 percent and he would be entitled to interest at that rate from the date he was wrongfully deprived of his property, but that they need not figure the interest since it is a matter of calculation. The jury returned a verdict in favor of the plaintiff and against the defendant for $920.52 as the value of the automobile sued for, plus $41 as the value of personal belongings sued for, plus 7 percent interest. The judge entered a judgment for $1,180.24, plus costs. The assignment of error in this court is to the overruling of the special ground of the motion for new trial complaining of the charge which authorized the jury to find interest as a separate item, and on the third general ground of the motion contending that the verdict is contrary to the law because it contains a separate finding of interest. Both of these assignments are meritorious. *Beaver v. Magid,* 56 Ga. App. 272, 285 (192 SE 497); *Adams v. Webb,* 72 Ga. App. 66, 67 (3) (32 SE2d 922). Accordingly, the verdict and the judgment entered thereon as written cannot stand, but since the error complained of went solely to the question of interest, and since, by calculation, it appears that the court awarded interest in its judgment in the amount of $218.72, the judgment will be affirmed on condition that that amount be written off therefrom; otherwise, the judgment shall stand reversed.

*Judgment affirmed on condition. Eberhardt and Russell, JJ., concur.*

DECIDED OCTOBER 11, 1962.

*John T. Perren,* for plaintiff in error.
*Marson G. Dunaway,* contra.