41088. MILLS et al. v. MANGUM.

DECIDED FEBRUARY 17, 1965—REHEARING DENIED
MARCH 24, 1965.

*Fulcher, Fulcher, Hagler & Harper, Gould B. Hagler,* for plaintiffs in error.

*Randall Evans, Jr.,* contra.

FELTON, Chief Judge. ■ The court properly overruled the general grounds of the motion for a new trial.

■ The court erred in overruling special ground 4 of the motion for a new trial. The plaintiff testified that the market value of his automobile was slightly in excess of its purchase price and on cross examination testified that the only basis of

his opinion as to what was the market value before the damage to the automobile was that he paid $3,186.76 for it. The plaintiff was entitled to show what the purchase price was but he was not entitled to give his opinion that the market value before the damage was approximately equivalent to the amount he paid for it based solely on the purchase price. His opinion as to market value could have more weight with a jury than the mere proof of purchase price. For that reason the court erred in not striking the plaintiff's testimony as to his opinion of the market value when he had admitted that the only basis of his opinion as to market value was the purchase price. This conclusion follows from the rulings of this court and the Supreme Court to the effect that the cost of property alone is insufficient proof of market value. If such proof is insufficient for a jury finding, it is insufficient as a basis of an opinion as to market value which could carry more weight than mere proof of the cost of the property. *Watson v. Loughran,* 112 Ga. 837, 841 (3) (38 SE 82) ; *Coffee v. Worsham & Weaver,* 31 Ga. App. 62, 64 (119 SE 665) ; *Aircraft Apts., Inc. v. Haverty & Co.,* 71 Ga. App. 560, 562 (2) (31 SE2d 419) ; *Code* § 38-1709; *Crump v. Knox,* 18 Ga. App. 437 (89 SE 586) ; *Wilson v. City of Bainbridge,* 29 Ga. App. 692 (116 SE 543) ; *Garner v. Gwinnett County,* 105 Ga. App. 714, 716 (125 SE2d 563).

■ As to the complaint in ground 5, that the court charged the jury that, as to the unliquidated damages sought, the jury *would be authorized* to add to the amount of damages found an amount equal to 7% of the principal from the date it was found to be due, the exception to the charge is not good, and the court did not err in overruling this ground of the motion. In such a case interest is not recoverable eo nomine and was not so found in this case. *Western &c. R. v. Michael,* 178 Ga. 1 (6) (172 SE 66) ; *Mayor &c. of Milledgeville v. Stembridge,* 139 Ga. 692 (3) (78 SE 35) ; *Western &c. R. Co. v. Brown,* 102 Ga. 13 (2) (29 SE 130) ; *Snowden v. Waterman & Co.,* 110 Ga. 99 (35 SE 309) ; *Central of Ga. R. Co. v. Hall,* 124 Ga. 322, 323 (12) (52 SE 679, 4 LRA (NS) 898, 110 ASR 170, 4 AC 128).

■ We do not deem it necessary to pass upon the error complained of in ground 6 of the amended motion for a new trial

as it is apparent that the errors complained of were due to inadvertence and will not recur on another trial of this case.

The court erred in overruling the amended motion for a new trial for the reason given in Division 2.

*Judgment reversed. Jordan and Russell, JJ., concur.*