## 51601. LAWYERS CO-OPERATIVE PUBLISHING COMPANY v. BEKINS MOVING & STORAGE COMPANY.

PANNELL, Presiding Judge.

In the former appearance of this case it was remanded to the trial judge for findings of fact and conclusions of law. *Lawyers Co-Operative Pub. Co. v. Bekins Moving &c. Co.,* 135 Ga. App. 12 (217 SE2d 372). The case is now before the court on its second appeal. Under the heading "findings of fact" the trial judge makes certain findings of fact and under the heading "conclusions of law" he has both findings of fact and conclusions of law. While this mixing of the two does not meet the requirements of the statute, we will not remand the case again, as this would again delay the final conclusion of this case, and we can now terminate this case and affirm the trial judge based upon his findings of fact and conclusions of law. He made findings of fact and conclusions of law on various theories in finding against the plaintiff. Even should we assume the incorrectness of some of his findings and conclusions, it is apparent that one group of his findings and conclusions of law based thereon is correct and authorized under the evidence and the law, and being so, demanded a finding against the plaintiff.

This was an action for the conversion of certain law books allegedly belonging to plaintiff, and on which plaintiff held a security interest, which were sold by the defendant for storage charges.

There was ample evidence that "books" were stored in 72 boxes by a moving company employed by an official of the college with the consent of the complainant's salesman, free of charge in a building, ostensibly to avoid interference by other creditors of the college which was in a bad financial situation. The official later, after leaving the employment of the college, moved the "books" to the defendant's warehouse, and the defendant later sold the "books" for its storage charges. There was no inventory made of the "books" at any time. There was no proof of what books, set or sets of books, or volumes thereof were stored, or how many books in numbers were stored. The

only proof offered that any of the "books" stored were the books sold by appellant was hearsay. There were invoices introduced in evidence showing all the books sold to the college, and the price thereof, some of which were permanent volumes, some annual replacements or pocket supplements replaceable at periodic intervals. Under this state of the evidence, even though there was evidence of the value of *all* the books, etc. sold to the college, there was no evidence as to whether or not *all* the books, etc., sold to the college were stored with and sold by the defendant warehouseman.

We must accordingly, even should we assume the "books" were those, or some of those sold by appellant to the college, agree with the trial judge that it was impossible for the jury to find, from the evidence, any particular sum as the amount of the damage for the alleged conversion, or even estimate such damages, with any degree of accuracy sustainable in a court of law. For this reason we affirm the judgment. See *Winter Bros., Inc. v. Jackson,* 98 Ga. App. 234 (2) (105 SE2d 233); *General Acceptance Corp. v. Price,* 91 Ga. App. 370 (1) (85 SE2d 609).

*Judgment affirmed. Quillian and Marshall, JJ., concur.*

ARGUED JANUARY 6, 1976 — DECIDED
MAY 14, 1976.

*Nelson C. Rudolph,* for appellant.
*Hurt, Richardson, Garner & Todd, Robert L. Todd, J. Robert Persons,* for appellee.