## 52024. HAYES et al. v. FLAUM et al.

CLARK, Judge.

"I think you have an impossible burden in the case" was the comment of the trial judge as he ruled adversely to the plaintiff (now appellant) in sustaining the motion for a directed verdict in behalf of defendants. His reference was to the problems confronting a tenant-partnership which had operated a men's clothing retail store in seeking to establish by legal evidence their claim against the landlord for damages to their fixtures, supplies, and inventory caused by mildew and dampness in the leased premises. This alleged defect in the premises had begun approximately two years prior to the date upon which tenants abandoned the leased store which they alleged became untenantable by reason of progressive deterioration. This factor of time was mentioned by the trial judge as one of plaintiffs' problems in establishing an actual date of the occurrence, but we do not deal with this as the court's decision was stated to be based on the inability of the plaintiffs to establish their loss with sufficient certainty. As the trial judge expressed it: "If I were trying this case without a jury I don't know how I would determine what the plaintiffs' loss actually was. It's true he depicts some figure between zero and twenty-something thousand dollars. But, what would it be based on? . . . I think the case has fallen short on the question of proof of value of the property."

Our review of the trial transcript confirms the views expressed by the tribunal below. "The question of damages cannot be left to speculation, conjecture and guesswork." *Development Corp. of Ga. v. Berndt,* 131 Ga. App. 277, 278 (205 SE2d 868). Where a party sues for damages he has the burden of proof of showing the amount of loss in a manner in which the jury or the trial judge in non-jury cases can calculate the amount of the loss with a reasonable degree of certainty. *Studebaker Corp. v. Nail,* 82 Ga. App. 779, 785 (62 SE2d 198); *Williams & Templeton v. Brewer,* 93 Ga. App. 603 (1) (92 SE2d 586); *Big Builder, Inc. v. Evans,* 126 Ga. App. 457, 458 (2) (191 SE2d 290); *Taylor v. Roberson,* 127 Ga. App. 24 (192 SE2d 384). See also *Tri-State Systems v. Village Outlet,* 135 Ga.

App. 81, 85 (217 SE2d 399) and the quotation therein with approval of *Central Coal & Coke Co. v. Hartman,* 111 F 96, 98 (8th Cir. 1901).

In part plaintiff-tenant relied upon the purchase price or cost of some items that were damaged. But this is not sufficient. In determining fair market value of property, the actual cost may be considered, but evidence of its cost, without more, is not sufficient proof of its market value. *Aircraft Apts. v. Haverty Furniture Co.,* 71 Ga. App. 560 (31 SE2d 419); *Southeastern Air Services v. Edwards,* 74 Ga. App. 582, 589 (2) (40 SE2d 572); *Mills v. Mangum,* 111 Ga. App. 396, 398 (141 SE2d 773). See also *Winter Bros. Inc. v. Jackson,* 98 Ga. App. 234, 235 (2) (105 SE2d 233) and *General Acceptance Corp. v. Price,* 91 Ga. App. 370 (1) (85 SE2d 609).

Plaintiff-tenant having failed to prove his case, the direction of a verdict for the defendant-landlord was proper. Code Ann. § 81A-150.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED APRIL 5, 1976 — DECIDED MAY 26, 1976.

*Hugh R. Powell, Jr.,* for appellants.
*Thomas Henry Nickerson,* for appellees.