ANDREW BAUM, Respondent, v. MARY V. ROWLAND et al., Respondents, and NETTIE LORWIT, Appellant.

*Per Curiam.* Plaintiff, having undertaken to repair the plaster on the ceiling, assumed the risk that it might fall, so that there was no duty owed to him, as would have been the case toward other types of invitees upon the premises. Responsibility does not rest upon an owner of real property to recompense an independent contractor hurt by a dangerous condition which he had undertaken to repair (*Kowalsky* v. *Conreco Co.*, 264 N. Y. 125).

Plaintiff seeks to sustain the judgment on the ground that he was engaged as a painter and not as a plasterer, and that he had undertaken to repair the crack in the ceiling as a favor. The answer to this contention is that he agreed to repair the ceiling as part of the consideration for his being engaged to do the painting and decorating. Moreover, it would appear to be immaterial whether plaintiff was paid for the work of repairing the ceiling. The fact is that he undertook to rectify the dangerous condition, and in doing so assumed whatever risk it entailed. *Dittiger* v. *Isal Realty Corp.* (290 N. Y. 492) is not in point, the plaintiff therein having been injured by a defect in the premises different from the one which he had been employed to repair.

The owners of these premises, defendants-respondents Mary Veronica Rowland and William J. Rowland, have not appealed. The judgment against them cannot be disturbed. It is reversed insofar as appealed from by the lessee, defendant Nettie Lorwit, and against her the complaint should be dismissed, with costs.

Dore, J. P., Cohn, Callahan, Van Voorhis and Breitel, JJ., concur.

Judgment, so far as appealed from by the defendant-appellant, unanimously reversed, with costs to said appellant, and judgment is directed to be entered dismissing the complaint herein as against the defendant Nettie Lorwit, with costs.