CATHERINE C. FAHEY, Plaintiff below, Appellant, v. MAYNARD SAYER and LILLIAN SAYER, his wife, Defendants below, Appellees.

(*July* 1, 1954.)

SOUTHERLAND, C. J., WOLCOTT and TUNNELL, J. J., sitting.

*H. Albert Young* and *Harold Leshem* for appellant.

*William Prickett* for appellees.

Supreme Court of the State of Delaware, No. 7, 1954.

WOLCOTT, J.:

This is an action for personal injury instituted by the appellant in the Superior Court. At the trial of the cause upon the conclusion of the appellant's case, the appellees moved for a directed verdict in their favor which was granted by the trial judge upon the grounds (1) that there was no evidence of negligence on the part of the appellees, and (2) that there was affirmative evidence of contributory negligence on the part of the appellant. From the judgment entered upon the directed verdict, the appellant now appeals.

The appellant at the time of the injuries complained of was 69 years of age and was employed by the appellees as a paid baby sitter in their home in Wilmington, Delaware. The appellees' residence is entered through a front door into a hall, on either side of which are a living room and a dining room, and from which the stairs to the second floor go up immediately. At the back of the hall leading from the front door, there is another hall at right angles. A turn to the left into the back hall leads to a den. Immediately opposite the outlet of the entrance hall is a door leading to a utility room or pantry, in one corner of which is a door leading into a powder room. A turn to the

right into the back hall leads to the kitchen. In the right-hand wall of the back hall just before entering the kitchen there is a door which opens upon a flight of stairs leading to the cellar. On the left-hand hall wall opposite the cellar door is a similar door leading to a closet. The door to the cellar stairs and the door to the closet are similar in appearance except for a chain lock mounted on the cellar door at about eye level.

The appellant had been in the appellees' home as a baby sitter on three separate occasions, including the night on which the injuries occurred. In the course of her three visits as a baby sitter she had been to the second floor a number of times for the purpose of putting the appellees' children to bed. On no occasion had the appellant been told of the existence of the powder room entering into the pantry on the first floor. The record is silent as to the existence of a bathroom or bathrooms on the second floor of the appellees' residence, but we take judicial notice of the fact that in a home of this type there must have been at least one bathroom on the second floor, and that in the course of her duties the appellant must have learned of its location.

The appellant specifically testified that on no occasion did she inquire as to the existence of a powder room on the first floor; that its existence or location was not pointed out to her; that she did not know its location; and that on her prior visits to the appellees' home she had no occasion to avail herself of the bathroom facilities.

On the night in question, the appellant arrived at the appellees' home at about 8:45 P.M. The appellees went out and the appellant took the appellees' children upstairs and put them to bed. She returned to the first floor and went to the den leading off the back hall and watched television for a while. She then went along the back hall to the kitchen where she remained until it was about time for her to go home.

Shortly before the return of the appellees to their home, the appellant desired to use the bathroom. She got up and left

the kitchen, opening the door to the left of the kitchen door which actually led to the cellar steps. The opening thus exposed was black. The appellant reached for a light switch which she expected to find on the right wall and either stepped over the sill or lost her balance and was precipitated down the cellar stairs suffering the injuries for which she is now seeking damages.

On these facts the trial court directed the entry of a judgment for the appellees.

We will first take up the question of whether or not the appellant proved a case of negligence on the part of the appellees.

The appellant was a business visitor or invitee to the appellees' premises since she was invited and paid to enter and remain upon the appellees' premises for the appellees' purposes. *Prosser on Torts,* § 79.

A possessor of land is liable for bodily harm caused a business invitee by a dangerous condition in the premises of a nature which will not be discoverable by the invitee if the possessor does not make the condition reasonably safe or does not give the invitee adequate warning of the dangerous nature of the condition. *Restatement of Torts,* § 343; 65 *C. J. S., Negligence,* § 45(b); 38 *Am. Jur., Negligence,* § 96.

However, a possessor of land inviting another upon it for his own purposes and thus subjecting himself to the duty owed by a possessor of land to a business invitee is liable only for injuries caused by a dangerous condition existing in that particular part of the premises which the invitee is invited to use. *Prosser on Torts,* § 79, p. 640; *Restatement of Torts,* § 343, Comment b; 38 *Am. Jur., Negligence,* § 100; 65 *C. J. S., Negligence,* § 48a.

In *Maher v. Voss, Del.,* 98 *A.* 2d 499, 505, we recognized the same principle with respect to the duty owed by a possessor of land to a gratuitous licensee or a social guest when we said:

"There can be no liability of the possessor of the premises to a social guest if the danger is not on the portion of the premises to which he has been invited. The alleged duty to warn must therefore depend upon the existence of an invitation."

We think the principle is equally applicable in the case before us now. If, therefore, the appellant was either expressly or by implication invited to use the powder room facilities, then the appellees owed the appellant the duty of providing a safe means for her to use that part of the premises which she was invited to use, or to warn her of any dangerous condition.

Obviously, if the invitation, express or implied, extended to the appellant did not include the use by her of the powder room facilities, and if she entered that part of the premises in which the powder room was located, she became a trespasser, or at best a mere licensee, to whom the appellees owed a lesser degree of care. A dangerous condition in the premises imposes a duty to safeguard or warn a particular licensee or invitee only if he may be reasonably expected to encounter it in the proper exercise of his license or invitation. *Restatement of Torts*, § 342, Comment f.

The question before us, therefore, is the extent of the invitation to the appellant to use the appellees' premises, and whether or not she was acting within its scope at the time of her injuries.

Initially, it may be observed that the appellant was quite definite in her testimony that at no time in the course of her three visits had she been told of the existence of a powder room on the first floor. She also testified that she had on several occasions been on the second floor of the premises for the purpose of putting the appellees' children to bed. From this fact, she must be presumed to have known of the existence of a bathroom on the second floor. We think it unlikely that the appellees would have expected the appellant to remain for several hours in their residence without the occasion to use the bathroom facilities. Both the appellant and the appellees knew that

the appellant knew that there was a bathroom on the second floor. The appellant did not know of the existence or location of a powder room on the first floor, and the appellees had not pointed it out to her. We think these circumstances require the conclusion that the appellant had an implied invitation to use the bathroom facilities on the second floor only.

■ We do not think that the appellant, hired as a baby sitter, was impliedly invited to explore the premises with the purpose of finding facilities which, as far as she knew, may have been non-existent. The appellees had pointed out to the appellant the living room, the den, the kitchen, and the pantry on the first floor, and had taken her to the second floor. We think that this impliedly limited the invitation extended to her to the use of those portions of the premises pointed out, or with which she was familiar.

For this reason, we hold that when the appellant opened the door leading to the cellar steps, she went beyond the scope of the implied invitation extended to her, and that, under such circumstances, the appellees cannot be held liable for the injuries which resulted since they were under no duty to warn the appellant of the existence and location of the cellar stairs, assuming that the condition of the stairs was of such nature as to require a warning, a point we do not reach in this appeal.

The appellant argues that the appellant was entitled to assume that a home of the nature of the appellees' located in the section of Wilmington in which it is located, would ordinarily have a powder room located on the first floor, and that, accordingly, a duty to warn was imposed upon the appellees. To accept the argument thus made would require us to approve the right of a baby sitter to pry around in all corners and crevices of the premises in search of a facility, the existence of which she at best could only assume. We think we would be unjustified in approving such a rule. The appellant knew of a bathroom on the second floor and had had particular portions of the premises specifically pointed out to her which did not include

the powder room. Under the circumstances, we think she should have realized that the extent of her invitation was as to those portions of the premises which had been pointed out to her by the appellees.

We find that there was no proof of negligence on the part of the appellees, and thus are not required to determine whether or not the cellar stairs were in fact a dangerous condition and whether the appellant was guilty as a matter of law of contributory negligence.

For the foregoing reasons, the judgment of the court below is affirmed.