ABRAHAM M. SLOVIN and ELEANOR SLOVIN, Plaintiffs Below, Appellants, v. MARTIN J. GAUGER, WILLIAM P. COOKE, DOROTHY MUNROE and ALAN D. DUFF, comprising the Board of Education of Newark Special School District; WILMER E. SHUE, Superintendent of the Board of Education, Newark Special School District; and CHARLES R. GOUDY, Defendants Below, Appellees.

(*April* 13, 1964.)

TERRY, C. J., WOLCOTT and CAREY, J. J., sitting.

*Morton E. Evans* for appellants.

*Edmund D. Lyons* and *Henry N. Herndon, Jr.* (of Morris, James, Hitchens and Williams) for appellees.

Supreme Court of the State of Delaware, No. 79, 1963.

WOLCOTT, Justice.

This is an appeal from a summary judgment of the Superior Court entered for the defendant.

The facts are that an organization known as Brookside Players producing amateur theatricals acquired permission for the use of the auditorium, stage, adjoining halls and two dressing rooms of a Junior High School from the School Board. The Board's permission was given pursuant to 14 *Del. C.* § 714, requiring school boards to allow free use of school premises for certain activities. Pursuant to the regulations adopted by the School Board,

certain charges were paid by the Brookside Players. In addition, the School Board designated one of the teaching staff as its representative during the period the Brookside Players were using the facilities. The teacher attended for the purpose of rendering technical assistance in the operation of certain special equipment.

The plaintiff was a member of the cast of the play being produced by the Brookside Players. Due to circumstances not pertinent, one of the usual exits from the stage of the auditorium was blocked off. Accordingly, another exit from the stage was made available. This exit was a door opening into a hallway at a level of about four feet from the floor of the hallway. To permit the use of this exit from the stage, a set of temporary wooden steps was placed in the hall up to the door. It appears that these steps had been made by the shop teacher in the school. There is some controversy as to whether the steps were supplied to the Brookside Players by the school authorities, or whether the steps were just used by the Players.

On the second night, which was the dress rehearsal night, the plaintiff, a large man, made an exit from the stage through the door in question. He paused at the top of the steps to permit another member of the cast to pass through the passageway and then stepped on the top step. Immediately, the entire set of steps moved and he fell, sustaining the injuries for which he seeks recovery.

It does not appear that the Board representative warned the plaintiff, or in fact any member of the cast, that the steps might move when weight was placed upon them. It does, however, appear affirmatively that the plaintiff knew that the steps in question were of a temporary nature and were unfastened.

The trial judge held the plaintiff was a licensee or tenant of the School Board and that, therefore, neither the Board nor any of the individual defendants had breached any duty of care owed by them to him. Plaintiff appeals, urging that he was in fact an invitee of the School Board and that the doctrine of *res ipsa loquitur* is available to him to prove negligence on the part of the defendants.

Initially, we must determine the status of the plaintiff. We note that the School Board charged and received certain fees. What these fees were is not disclosed by the record, but, in any event, some monetary consideration passed. If this be regarded as rent, the Brookside Players would thereupon be the tenant of the School Board and the plaintiff as a member of that group would occupy the same status, or possibly that of an invitee of the Players. Whatever the status of the plaintiff, whether that of tenant or an invitee of a tenant, it is clear that the School Board as landlord could not be held responsible for injuries caused by a defective condition since a tenant takes the premises in whatever condition they happen to be at the time of lease. *Grochowski v. Stewart*, 3 Storey 330, 169 A.2d 14.

If, however, a landlord-tenant relationship did not exist as between the School Board and the Brookside Players, we think that the status of the plaintiff and the other members of the Brookside Players was that of a licensee. We are of this opinion because the permission to use the facilities given by the School Board was required to be given by the statute and was for the sole purpose of the Brookside Players. It is not necessary to labor the point for it seems obvious that the production of the play served no purpose of the School Board. Its consent to the production was obtained solely by reason

of the compulsion of 14 *Del. C.* § 714.

■ At most, therefore, the Brookside Players had been granted the privilege of going on the premises for their particular purpose of producing a play. This was the grant of a license to use the premises. This being so, it is clear that the landlord owes no duty to the licensee beyond the duty not to trap him into injury by the maintenance of hidden defects concerning which he has given no warning. *Maher v. Voss,* 7 Terry 418, 84 A.2d 527.

Plaintiff argues that he was an invitee of the School Board but we think not, for a person becomes the owner's invitee upon lands only when the invitation to enter, express or implied, is for a mutual purpose of both. We think it clear that the purpose for which the plaintiff was on the School Board's premises was not for any purpose of the School Board but was for his purpose as a member of the Brookside Players. *Fahey v. Sayer,* 9 Terry 457, 106 A.2d 513, 49 A.L.R.2d 353.

We hold, therefore, that the plaintiff was a licensee when he was injured. Since liability to the owner may be imposed only for injuries caused by a dangerous condition existing in the premises of which the owner has given no warning, it follows under the circumstances of this case that no recovery may be had. We say this for the reason that the unattached nature of the steps and their temporary character were well known to the plaintiff. Any warning, therefore, of their nature would have been superfluous.

■ ■ We turn now to the second point raised by the plaintiff, that is, that the doctrine of *res ipsa loquitur* is available to establish liability on the part of the landowner. *Res ipsa loquitur* is, of course, a rule of circumstantial evidence available to prove a plaintiff's case when

other proof is not forthcoming. Basically, the doctrine is that negligence may be inferred from circumstances when, in the opinion of reasonable men, the injury would not have occurred except for some unknown negligence on the part of the person in control of the thing in question.

We have difficulty in understanding the argument because in this case all of the facts which resulted in the plaintiff's injury are known. This is not a case where it is necessary to resort to inferences to be derived from circumstances to establish either the presence or absence of negligence. We think, under the circumstances, the doctrine of *res ipsa loquitur* has no application at all.

For the foregoing reasons the judgment below is affirmed.