■ VIVIAN R. CAMPOLI, as Administratrix of the Estate of SALVATORE J. CAMPOLI, Deceased, Appellant, v. ENDICOTT CONSTRUCTION SERVICES, INC., et al., Respondents. GEORGE W. WARNECKE, Defendant and Third-Party Plaintiff-Respondent, v. TUNNICLIFF CONSTRUCTION COMPANY et al., Third-Party Defendants-Respondents. (And Two Other Cross Actions.) — *Per Curiam.* Plaintiff's intestate sustained fatal injuries in the cave-in of an excavation in which he was laying sewer pipe. Summary judgment was properly granted dismissing the complaint as against defendant owner Warnecke and, as necessarily followed, dismissing Warnecke's third-party complaint against his general contractors. The complaint, as limited by the bill of particulars, charged Warnecke with liability for common-law negligence and for violation of subdivision 6 of former section 241 of the Labor Law, as constituted on June 20, 1957, the date of the accident, and of the rules adopted pursuant thereto. Absent any control or direction of the work by him, the owner was not liable under common-law principles or under the statute (see *Wright* v. *Belt Associates,* 14 N Y 2d 129), assuming *arguendo* that the work itself was within the intendment of the statute. The bare fact that the engineer who designed the project for the owner occasionally visited the work site constituted no proof of direction or control by the owner. (*Olsommer* v. *Walker & Sons,* 4 A D 2d 424, 433, affd. 4 N Y 2d 793.) Upon the production upon the motion of affirmative proof that neither the owner nor his engineer retained or exercised any direction or control of the work, plaintiff was required to make some evidentiary showing to sustain her allegations of direction and control, but this she failed to do. For like reasons, the summary dismissal of the complaint against defendant County of Tioga was proper. Summary judgment should not, however, have been granted in favor of defendants Endicott and Stage, who were engaged by the general contractors (the employers of plaintiff's intestate) to perform

the actual excavation work. Special Term found that Endicott and Stage were not subcontractors and that their employees became the *ad hoc* employees of the general contractors. From examinations before trial, plaintiff has adduced at least minimal proof permitting inference that the employees had not completely passed from the control of their respective general employers; at least it cannot be held upon the papers before us that, as a matter of law, they had. (See *Irwin* v. *Klein*, 271 N. Y. 477, 484; *Kristiansen* v. *Wagner's Steel Erectors*, 295 N. Y. 668; *Stone* v. *Bigley Bros.*, 309 N. Y. 132.) Thus the relationships between the general contractors and Endicott and Stage, respectively, must be determined as factual issues. There is argument, but no clear proof, that the sewer line was not a necessary adjunct to, or an integral part of the disposal plant owned by Warnecke, completed some months before, and said to have been in actual operation, but was constructed so as to be available for tie-in in future, when the area should be developed by the construction of new homes. Hence there remains the additional issue of fact and of law, whether the excavation work was "for the construction of buildings". (Labor Law, former § 241, subd. 6; cf. *Mitchell* v. *State of New York*, 14 A D 2d 478.) The existence of liability over in the cross actions cannot be predicted prior to the determination of these and the other factual issues involved, including that of active versus passive negligence on the part of the particular third-party plaintiff, in the event of a common-law liability, or that of joint tort-feasors' liability, and denial of recovery over, if former section 241 be applicable and determinative. (*Conte* v. *Large Scale Development Corp.*, 10 N Y 2d 20, 29-30.) Orders and judgments dismissing complaint, as to Warnecke and County of Tioga, and Warnecke third-party complaint, affirmed, without costs. Orders and judgments respecting all other parties and third parties reversed, on the law and the facts, and motions denied, with one bill of $25 costs and disbursements to appellant against defendants-respondents other than Warnecke and County of Tioga, and without costs in third-party actions and appeals. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.