IDA GAROFOLI and GEREMIA GAROFOLI, Her Husband, Plaintiffs, v. SALESIANUM SCHOOL, INC., a Corporation of the State of Delaware, Defendant.

(*February* 19, 1965)

CHRISTIE, J. sitting.

*Stuart B. Young* of Morford, Young & Conaway, for plaintiffs.

*Rodman Ward, Jr.,* of Prickett & Prickett, for defendant.

Superior Court of Delaware for New Castle County, No. 350 Civil Action 1963.

CHRISTIE, Judge.

This is an action for personal injuries alleged to have been caused by the negligence of Salesianum School, Inc., a corporation of the State of Delaware. The case is before the Court on defendant's motion for summary judgment.

Shortly after 11:00 P.M. on September 27, 1962, plaintiff, Mrs. Ida Garofoli, was returning to her car in the Salesianum School parking lot, having spent the evening playing bingo at the school. The parking lot was either poorly illuminated or not illuminated at all. Mrs. Garofoli was injured when she struck her foot on "something" and fell into an amiesite mound used as a bumper strip and placed in the parking lot to prevent cars from speeding. She contends that despite her extreme caution in walking through the parking lot, she was unable to see the mound which caused her fall either because it was invisible or because there was an optical illusion or an obstructing object impeding her vision. Plaintiff says that Salesianum was negligent in not warning her of the danger posed by these amiesite mounds under the existing circumstances or in not removing or lighting them in some manner.

The record shows that Mrs. Garfoli did know of the mounds, of their comsiderable size and of their general location. She had been attending bingo games at Salesianum on the average of once a week for about a year and was acquainted with the parking lot. The mound into which she fell was six inches high, eighteen inches deep and thirty-one feet long. It had been in the parking lot at that same location for about six months. She drove over that mound or a similar one whenever she entered the parking lot and, whenever possible, Mrs. Garofoli parked

alongside the mound into which she fell and then crossed it on her way into the school.

Mrs. Garofoli also had some knowledge of the amount ot illumination provided by Salesianum in the parking lot. She had previously noticed that the lighting in the parking lot was poor and that occasionally the lights were switched off before she reached her car. She said: "They are on but they don't really wait sometimes before we get out before they put those lights out, and it's a wonder to me more women haven't hurt themselves over there."

She does not know, however, whether the lights were on or off on the night of September 27, 1962. She does remember that she was taking special care because of the darkness and because she had seen a woman fall over a different part of the same amiesite mound just a few days previously.

Mrs. Garofoli was a business invitee of defendant and entitled to the protection accorded by law to invitees. It is agreed that a possessor of land is not an insurer of an invitee's safety while on its property and that any liability for injuries to an invitee must be predicated upon negligence. *Niblett v. Pennsylvania R. R.,* 2 Storey 380, 158 A.2d 580 (Super. Ct., 1960).

The Delaware Supreme Court has outlined a proprietor's duty to business visitors as follows:

"A possessor of land is liable for bodily harm caused a business invitee by a dangerous condition in the premises of a nature which will not be discoverable by the invitee if the possessor does not make the condition reasonably safe or does not give the invitee adequate warning of the dangerous nature of this conditiion. Restatement on torts, Sec. 343; 65 C.J.S., Negligence, Sec. 45(b); 38 Am. Jur., Negligence, Sec. 96." (*Fahey v. Sayer,* 9 Terry 457, 461, 106 A.2d 513, 515, 49 A.L.R. 2d 353 (1954).

However, "if a danger is so apparent that the invitee can reasonably be expected to notice it and protect against it, the condition itself constitutes adequate warning" *Niblett v. Pennsylvania R. R.,* supra, 158 A.2d at p. 582.

The possessor's duty is grounded on his superior knowledge of dangerous conditions existing on his property and, where invitee and possessor are equal in knowledge or the dangerous condition is obvious to a person of ordinary care and prudence, there is no recovery. The object of the law is to insure that invitees be informed of the risks they will encounter by accepting a businessman's invitation. *Batson v. Western Union Tel. Co.,* 75 F.2d 154 (5th Cir., 1935); *Niblett v. Pennsylvania R. R.,* supra; Restatement, Torts, Sec. 343, comment a (1934); 65 C.J.S. Negligence Sec. 50 (1950); 81 A.L.R. 2d 750 (1962).

It might be found that Salesianum did maintain on its premises a dangerous condition when it placed large unmarked mounds in the middle of a parking area in which people walked and where they would be likely to trip. The mounds were of sufficient size that they were easy to see in the daytime, and if this plaintiff was somewhat familiar with the premises had fallen in the daytime or under proper lighting conditions, there probably could have been no recovery for she would have been charged with knowledge of this danger. *Le Vonas v. Acme Paper Bd. Co.,* 184 Md. 16, 40 A.2d 43 (1944); *Walker v. Greenberger,* 63 Cal. App.2d 457, 147 P.2d 105 (1944).

A reasonable man could, however, conclude that it was negligence for Salesianum to maintain these unmarked mounds and fail to light them in any manner during the evening hours when the building and parking lot were open to the public. Under circumstances where there is both poor lighting and a dangerous condition, the invitor has often been held to have been negligent. *Johnston v. De La Guerra Properties, Inc.,* 28 Cal.2d 394, 170 P.2d 5 (1946); *Gray v. Watson,* 54 Ga. App. 885, 189 S.E. 616 (1936); *Cathcart v. Sears Roebuck & Co.,* 120 Pa.Super. 531, 183 A. 113 (1936); 14 A.L.R.2d 780 (1950).

■ For purposes of defendant's motion, I must assume that at night, under the existing conditions of light, the mounds were invisible or nearly so and that they constituted a hidden or concealed danger which required the owner to warn all patrons as to the danger posed by them or to take other steps to make them reasonably safe. A reasonable person could conclude that Salesianum was negligent in not providing adequate light in its parking lot. See *Reed v. Ingham,* 125 So. 2d 301 (Dist. Ct. App. Fla. 1960).

Assuming that defendant was negligent, I must consider whether Mrs. Garofoli assumed the risk of injury or was contributorily negligent as a matter of law.

■ Plaintiff's contributory negligence is a question for the jury's exclusive determination unless but one conclusion can be drawn or inferred from the facts. *Floyd v. Lipka,* 1 Storey 487, 148 A.2d 541 (1959)

In a case involving a question as to adequate lighting, the Pennsylvania Supreme Court held that the facts presented a jury question and said:

"Between light and darkness there are varying degrees or shades of light whereunder a question of contributory negligence, because of a failure to see distinctly, necessarily becomes a matter for a jury to determine. The rule was well stated for this court in *Dively v. Penn-Pittsburgh Corporation,* 332 Pa. 65, 70, 2 A.2d 831, 833, where Mr. Justice Stern said, 'It may be stated, therefore, that the controlling factors in determining the question of contributory negligence in accident cases of this nature are the degree of darkness and the jsutification for the injured person's presence in the place of danger.'" *(Falen v. Monessen Amusement Co.,* 363 Pa. 168, 69 A.2d 65, 66, 14 A.L.R.2d 775 (1949).

■ I find this approach to be persuasive here. Under the facts of the case at bar, more than one conclusion as to contributory

neglignece· or assumption of the risk could be reached. One might conclude that Mrs. Garofoli did not appreciate the risk to which she was exposing herself under these lighting conditions or that her need to return to her car and her success on prior occasions were sufficient reasons to assume a risk with which she was somewhat acquainted even though such risk proved to be greater than she realized.

In a recent Delaware case plaintiff, who had fallen over a chain on a dark foggy night, was held to be contributorily negligent as a matter of law, but in that case there was a well-lighted and safe alternative route nearby and there was nothing to indicate that plaintiff had been watching carefully where she was going. *Frelick v. Homeopathic Hosp. Ass'n.,* 1 Storey 568, 150 A.2d 17 (Super. Ct. 1959).

Many of the cases cited by defendant involve significantly different facts from those of the case at bar. In some lighting was not a factor and in others the plaintiff more fully appreciated the risk. In one, plaintiff was only a licensee as to the part of the house in which injury occurred and hence was owed a lesser duty by defendant. *Fahey v. Sayer,* supra.

In contrast, plaintiff cites a number of cases where lighting conditions are a factor in determining defendant's liability. See *Hercules Powder Co. v. Costa,* 289 F.2d 571 (1st Cir. 1961); *Lincoln v. Cambridge-Radisson Co.,* 235 Minn. 20, 49 N.W. 2d (1951); *Firestone Service Stores, Inc. v. Gillen,* 58 Ga. App. 782, 199 S.E. 853 (1938).

Since the danger posed by the amiesite mounds may have been hidden under the lighting conditions then present and since there appear to be jury questions as to both plaintiff's and defendant's possible negligence, defendant's motion for summary judgement will be denied.

It is so ordered.