Richard VOROUS, Plaintiff,

v.

Cecil F. COCHRAN and Grace M. Cochran,
his wife, Defendants.

Superior Court of Delaware.

New Castle.

Jan. 10, 1969.

Jay H. Conner, Wilmington, for plaintiff.

John M. Bader, Wilmington, for defendants.

OPINION AND ORDER
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

QUILLEN, Judge.

The plaintiff, Richard Vorous, instituted this action to seek recovery for injuries sustained by him on October 29, 1967, when he fell from a tree located on defendants' property.

Vorous, a tree surgeon with seven years experience, had come onto defendants' property pursuant to an agreement between himself and defendant husband, in which he agreed to "trim and top" two trees. The trees were in poor condition and at least certain portions of the trees were decayed.

On October 29, 1967, Vorous, furnishing his own equipment, initiated the job and, while climbing one of the trees, put his support rope around one of the dead limbs which snapped causing Vorous to fall to the earth. It is clear that the plaintiff was an independent contractor.

Plaintiff contends that, as an independent contractor, he is a business invitee and, as such, defendants owe him a duty to provide for his protection from defective conditions on the property. Defendants argue that their purpose in hiring plaintiff was to eliminate the dangerous condition from their property and thus plaintiff had adequate warning of the existence of the danger.

This is the decision on defendants' motion for summary judgment.

■ It is established in Delaware that an independent contractor, who is employed by the possessor of land, is a "business invitee" while engaged in the performance of his duties on the possessor's land. Fahey v. Sayer, et ux., 9 Terry 457, 106 A.2d 513, 49 A.L.R.2d 353 (Sup.Ct.1954). The possessor of land owes to the independent contractor, and to his servants at work thereon, a duty of exercising reasonable care to have premises in a safe condition and to warn the independent contractor of all defects of which he knows or has reason to know.

This duty is imposed on the possessor because of his superior knowledge of conditions existing on his property. But where the business invitee and possessor are equal in knowledge there is no duty.

Garofoli v. Salesianum School, Inc., 208 A.2d 308 (Del.Super.Ct.1965).

■ Further, the possessor of land has no duty to warn an independent contractor of ordinary dangers incident to the type of work in which he is engaged and performing on the property. White v. United States, 97 F.Supp. 12 (N.D.Cal.S.D. 1951). The possessor of land is not liable for injuries sustained as a result of a dangerous condition which the contractor has undertaken to repair. Kowalsky v. Conreco Co., Inc., 264 N.Y. 125, 190 N.E. 206 (1934); Baum v. Rowland et el., 281 App. Div. 964, 120 N.Y.S.2d 620 (1953); Costa v. Colonial Ice Co., Inc., 124 N.Y.S.2d 103 (Sup.Ct.1953). See also 31 A.L.R.2d 1381, 1397 and 65 C.J.S. Negligence § 63, pp. 871, 872.

■ The rationale of the above rule seems to be that the independent contractor's agreement to remove or repair the defective condition precludes his recovery from the possessor for injuries sustained as a result of the defective condition on the theory that he assumed the risk by virtue of his employment contract.

■ In the case at bar, the defendant husband hired the plaintiff for the express purpose of removing the decayed or dead appendages of two trees on their property, which constituted a dangerous condition. This was to be accomplished by trimming and topping both trees. The plaintiff was thus adequately warned of the defective condition.

By virtue of his undertaking to remove the defective branches, plaintiff with adequate notice of the defective condition assumed the risk of harm inherent in his undertaking to "trim and top" the trees and is precluded from a recovery as a matter of law.

Motion for Summary Judgment is granted. It is so ordered.