James L. WILLIAMS, Plaintiff,

v.

Charles D. CANTERA, Trustee and Northtowne, Inc., a Corporation of the State of Delaware, Defendants.

WILMINGTON SUBURBAN WATER CORPORATION, a Corporation of the State of Delaware, Defendant and Third-Party Plaintiff,

v.

WORTHY BROS. PIPELINE CORPORATION, a Foreign Corporation, Third-Party Defendant.

Superior Court of Delaware, New Castle.

Feb. 12, 1971.

John Biggs, III, of Biggs & Battaglia, Wilmington, for plaintiff.

Stephen P. Casarino, of Tybout, Redfearn & Schnee, Wilmington, for Charles D. Cantera and Northtowne, Inc., moving defendants.

## OPINION

CHRISTIE, Judge.

The accident in question occurred on April 2, 1968, when the plaintiff who was employed by a firm known as Worthy Bros. Pipeline Corp. was injured when a trench collapsed upon him.

The injured plaintiff has sued the alleged owners of the property where the accident occurred and the water company which had contracted with plaintiff's employer for construction of the trench where plaintiff was injured. Under Delaware law plaintiff must look exclusively to the workman's compensation law for any recovery he seeks from his employer and plaintiff's employer is a party only because of possible liability to those initially named by plaintiff as defendants.

Cantera Construction Company, an affiliate of the owners of the property where the accident occurred entered into an agreement with the defendant, Wilmington Suburban Water Corporation (referred to herein as the water company), on March 13, 1969. Under the terms of the contract the water company agreed to install a water main on property owned by Charles D. Cantera, Trustee, and Northtowne, Inc.,* the moving defendants in this suit. The water company obtained an easement for the construction. The water company in turn hired Worthy Bros. as a subcontractor to perform the actual installation.

Charles D. Cantera, Trustee and Northtowne, Inc. (hereafter called the owners) exercised no control over Worthy Bros. They did not select Worthy Bros. or direct the activities of Worthy Bros. or pay the employees of Worthy Bros. The inspec-

---

* The Cantera interests owned the land but the exact status of the title to the land as between the various Cantera organizations is not here determined. For purposes of the pending motion only, the ownership is assumed to be as listed.

tion of the installation on and acceptance of that work were carried out by the county and the water company. The water company owned the water main to which the connection was made and determined the size pipe it would connect to the main as an extension. The water company required the owners to provide a right of way under which the water company would construct the water main to service the shopping center.

Plaintiff alleges that the owners of the land in question were negligent in that as owners they retained control over the construction and permitted construction to move forward in violation of certain specified provisions of the applicable safety code.

The moving defendants contend that as owners they have no liability for injuries to employees of an independent contractor on account of hazards created by the contract work unless they retained control over the work of the employees or control over the property upon which the work was being done. Owners contend that "control" as the word is used in the context means control over the manner the work is done and the methods used rather than the mere residual control often retained by an owner to protect his rights to insist on compliance with the contract. The owners deny retention of any legally significant control.

■ The owners have moved for summary judgment. The motion must be granted if there is no significant dispute of fact and the evidence indicates that the owners did not retain control over the manner in which the work was performed. I find the correct rule to be that a landowner is under no duty to protect an employee of an independent contractor from the very hazard created by the doing of the contract work unless the owner retains active control over the manner in which the work is carried out and the methods used. See Gibilterra v. Rosemawr Homes, Inc., 19 N.J. 166, 115 A.2d 553 (Sup.1955);

Campoli v. Endicott Construction Services, Inc., 21 A.D.2d 947, 251 N.Y.S.2d 347 (Supreme Ct., Appellate Division).

Plaintiff asserts that the evidence indicates retention of control by owners. The significant evidence which might cast light on the issue of who had control over the manner in which the work was done and methods used may be summarized as follows:

1. Owners entered into a contract with an affiliated corporation known as Cantera Construction Company under the terms of which the construction company was to construct a shopping center on owners property. In the contract owners reserved the right to terminate the contract and take possession of the premises after seven days written notice if the contractor "persistently disregarded laws, ordinances or applicable rules and regulations—" or was otherwise "guilty of a substantial violation of any provision of this contract".

2. Owners had the right under the contract to inspect the job and to demand compliance with the contract.

3. Other contract terms required the contractor to get required permits and comply with the law and rules and regulations issued under the law.

4. The affiliated construction company which was subject to the terms of the contract summarized above, in turn hired Worthy Bros. the employer of plaintiff.

5. There is evidence which, for purposes of this agreement, I will assume indicates that Worthy Bros. the subcontractor which was laying the water pipe for the utility company, failed to comply with safety regulations and that such failure was a proximate cause of the injury complained of.

6. It is a fair inference that a finder of fact might conclude that reasonable inspection or supervision by one knowledgeable in this field would have re-

vealed the failure of the subcontractor to comply with the safety regulations, and the moving defendants did have personnel at the site of the shopping center from time to time while the utility work was progressing on the land subject to the utility easement.

In effect, plaintiff claims that owners right to inspect and to insist on compliance with the contract and to put the contractor off of the premises for persistent non-compliance amounts to such control of the job as to impose liability on the owners for negligent acts of subcontractor not chosen by the owner or its general contractor even though the work was being done on an easement granted to a water company.

Plaintiff relies on the case of Quinones v. Township of Upper Moreland, 293 F.2d 237 (3rd Cir. 1961) where the Court held that under Pennsylvania law the township which had contracted for sewer construction remained liable for the injury of the employee of a subcontractor because by contract the township had retained control and had negligently failed to demand correction of a safety hazard known to the township.

The case is distinguishable on several grounds including the following:

1. In the case at bar the water company and not the owners are in a position corresponding to the township in the cited case.

2. The control retained by the township was by direct contract with the general contractor—not by indirect implication involving a separate utility easement and a separate contract made by the general contractor with a utility to construct utility facilities which were to belong to the utility.

3. There is no evidence in the case at bar that the moving defendants actually knew that a violation was taking place where in the cited case actual knowledge of the violation by the township's inspector was established.

To the extent that the conclusion of this Court is inconsistent with the *Quinones* decision *supra* I decline to adopt for Delaware the rule of Pennsylvania law laid down in that decision. I find the rule stated in the decision Judge Brennan (now Justice Brennan) in the Gibilterra case, cited above, to be more accurate and complete. Judge Brennan placed emphasis on control over the manner the work was to be done and the methods to be used rather than on mere abstract control.

■ I am of the opinion that plaintiff has failed to show any legally significant retention by the owners of control over the manner the work was done or the methods used. The reservation of a right to inspect the premises and to take drastic steps in case of persistent violations is not a reservation of actual control of the way the operation was to be carried out under the circumstances here present. Rather, the reservation was a device to recapture the control which had been given up if it became necessary to do so.

A right to retake control is not a retention of control. Control of manner of doing the work and of methods used does not remain with an owner who contracts for the transfer of such control to another even though the owner has an arsenal of reserved rights if the contract is breached.

In this case the owners lack of control is especially apparent because the work was being done by a subcontractor of an independent utility on an easement demanded by the utility.

Plaintiff has failed to place upon the record any evidence to show that legally significant control over the way the work was done or the methods used remained with the owner. The undisputed evidence demonstrates that such control had been surrendered.

The moving defendants' motion for summary judgment as to them is granted.

It is so ordered.