**Richard H. SEENEY and Marie Seeney, his wife, Plaintiffs,**

**v.**

**DOVER COUNTRY CLUB APARTMENTS, INC., a corporation of the State of Delaware, and Edward H. Richardson Associates, Inc., a corporation of the State of Delaware, Defendants.**

Superior Court of Delaware, Kent.

April 3, 1974.

Roy S. Shiels, Brown, Shiels & Barros, Dover, for plaintiffs.

Stephen P. Casarino, Wilmington, for defendant Dover Country Club Apartments, Inc.

David Snellenburg, II, Wilmington, for defendant Edward H. Richardson Associates, Inc.

## OPINION

BUSH, Judge.

Plaintiff, Richard H. Seeney, brings this negligence action against the defendants, Dover Country Club Apartments, Inc. ("Dover, Inc."), and Edward H. Richardson Associates, Inc. ("Richardson"), for personal injuries sustained in a work-related accident. The accident in question occurred on October 3, 1969, when the walls of an excavation ditch in which plaintiff was working collapsed on him. At the time of the accident, plaintiff was working as an employee of Marvel Contracting Company ("Marvel") which had contracted with Dover, Inc., to perform ditch excavations and to install water and sewer lines in connection with the construction of the

"Dover Country Club Apartments." Defendant Richardson, a civil engineering and surveying firm, was employed by Dover, Inc., to prepare a site plan which included, *inter alia* the locations and depths of the excavation ditches and the specifications for the installation of the sewer pipeline and drains. Defendant Dover, Inc., is the builder and owner of the apartment complex.

The individual defendants have moved for summary judgment on the ground that there is no dispute as to any material fact and that each defendant is entitled to judgment as a matter of law.

Dover, Inc., contends that plaintiff's injuries were sustained in the performance of his work as an employee of Marvel, an independent contractor, and that, as such, Dover, Inc., cannot be liable for such injuries where it retained no active control in the manner in which Marvel performed its work. Dover, Inc., insists further that the uncontroverted evidence in this case shows that it exercised no control over the manner in which Marvel undertook ditch excavations, other than that routinely exercised by an owner or general contractor in assuring that the end result conforms to that which was agreed upon in the contract. Plaintiff, on the other hand, argues that even where no "control" as exercised by a landowner, there exists an independent duty on his part to provide business invitees, such as plaintiff, a safe place to work and to warn of all dangers of which the owner has knowledge.

The applicable law was capably summarized by Judge Christie in Williams v. Cantera, Del.Super., 274 A.2d 698, 700 (1971):

> I find the correct rule to be that a landowner is under no duty to protect an employee of an independent contractor from the very hazard created by the doing of the contract work unless the owner retains active control over the

manner in which the work is carried out and the methods used. See Gibilterra v. Rosemawr Homes, Inc., 19 N.J. 166, 115 A.2d 553 (Sup.1955); Campoli v. Endicott Construction Services, Inc., 21 A.D. 2d 947, 251 N.Y.S. 347 (Supreme Ct., Appellate Division).

Nor is a general contractor, in the absence of such control, liable for injuries to employees of a subcontractor resulting from either the condition of the premises or the manner in which the work is performed. Wolczak v. National Electric Products Corp., 66 N.J.Super. 64, App.Div., 168 A.2d 412, 415 (1961). This concept of active control, though an elastic one, is ordinarily not inferred from the mere retention by the owner or general contractor of a right to inspect the work of an independent contractor or to exercise general superintendence over such work in order to assure complicity with the contract terms. Williams v. Cantera, supra, 274 A.2d at 701; Hill v. Natural Gas Pipeline Company of America, Ill.App., 297 N.E.2d 243 (1973); Parks v. Atkinson, Ariz.App., 505 P.2d 279 (1973); Wolczak v. National Electric Products Corp., supra. See also Restatement of Torts, Second, § 414, Comments (a) and (c). Instead, the right to control must go directly to the manner or methods used by the independent contractor in his performance of the delegated tasks.

Based upon the unusually clear record in this case, it is quite apparent to the Court that Dover, Inc., did not retain any legally significant control over the manner or methods used by Marvel in doing ditch excavations or in locating and installing pipeline. The undisputed evidence indicates that Marvel was an independent contractor employed by Dover, Inc., to dig ditches and install sewer pipeline in accordance with certain plans and specifications prepared by defendant Richardson. The evidence also reflects that Dover, Inc., had a field supervisor, one Sylvio A. Stortini,[1] who had a field office located on the construc-

---

1. Dover, Inc., is a wholly owned subsidiary of Frank Robino, Inc. Mr. Stortini was an employee of Frank Robino, Inc.

tion site and who was charged with the duty of coordinating the work of the various contractors, including Marvel. It is markedly clear from the evidence, however, that Mr. Stortini had nothing to do with the supervision of either the employees of Marvel or of the methods used by Marvel in performing his work, although it does appear that Mr. Stortini did inform Marvel where and when to locate and install the pipeline. Mr. Stortini's principal function was to review the bill submitted by Marvel and to verify the bill with the work that was completed. When Marvel's work was completed, Mr. Stortini would check the manholes to see that the work was performed properly, and, if the work was improperly done, he would notify Marvel that corrective work was required. Mr. Stortini's responsibilities, therefore, did not go beyond those of mere inspection and general superintendence.

The undisputed evidence further shows that the method of digging the ditches, including the use or non-use of shoring, as well as the manner of installing the pipeline, were responsibilities that rested exclusively on Marvel, the independent contractor. It is equally evident that Marvel alone was responsible for the safety of his employees and the decision not to use shoring in the ditch where plaintiff was injured was one that Marvel was responsible for making.

The facts in the instant case are strikingly analogous to those in Darling v. Burrone Brothers, Inc., 162 Conn. 187, 292 A. 2d 912 (1972). In *Darling*, plaintiff suffered personal injuries when the ditch in which he was working collapsed on him. The defendant was an independent contractor hired by plaintiff's employer to excavate a ditch to accommodate a storm sewer. The trial court refused to submit the question of control as between the owner and the independent contractor to the jury, ruling instead, as a matter of law, that the defendant was "in charge of the excavation of the ditch and thus in control." Affirming the ruling of the trial court, the Supreme Court of Connecticut found that where the owner-builder is present at the construction site, indicates to the independent contractor where to dig the ditch and how deep to dig it, periodically checks to make sure the depth is accurate and marks the area establishing the location of the lateral by sticks imbedded in the ground, such conduct amounts to nothing more than the furnishing of specifications for the job. Imparting such instructions to the independent contractor did not demonstrate control by the owner over the manner and means of accomplishing the digging. Instead, the owner was merely exercising "his right to supervise the general result and also the immediate results, from time to time, as the work progressed." Darling v. Burrone Brothers, Inc., supra., 292 A.2d at 916–917.

■ The Court finds, therefore, that Dover, Inc., by and through the conduct of Mr. Stortini, did not exercise or retain any active control over the manner and means used by Marvel in ditch excavations. As such, Dover, Inc., was under no legal duty to protect plaintiff from hazards created by the very work he was employed to perform. Williams v. Cantera, supra.

■ Plaintiff nevertheless contends that, even in the absence of any active control over the work being performed by Marvel, Dover, Inc., was still under a legal duty to provide plaintiff with a reasonably safe place to work and to warn him of all dangers existing on the property. No doubt, an independent contractor, who is employed by a possessor of land, is a "business invitee" while engaged in the performance of his duties thereon. Fahey v. Sayer, et ux, Del.Supr., 9 Terry 457, 106 A.2d 513 (1954). As such, the possessor of land owes to the independent contractor and his employees a duty to maintain the premises in a reasonably safe condition and to warn them of all defects of which he knows or has reason to know. Vorous v. Cochran, Del.Super., 249 A.2d 746, 747 (1969); Restatement of Torts, Second, §

343. These duties, however, are not imposed upon the possessor of land where the contractor and the possessor are equally knowledgeable of the defective conditions existing on the property, Vorous v. Cochran, supra; Garfoli v. Salesianum School, Inc., Del.Super., 208 A.2d 308 (1965), or where the defective conditions are created by the work of the independent contractor or his employees. Crane v. I. T. E. Circuit Breaker Co., Pa.Supr., 443 Pa. 442, 278 A. 2d 362 (1971).

Applying these principles to the evidence in this case, the Court is impelled to conclude that Dover, Inc., was under no duty to warn or correct the dangerous condition that existed in the ditch where plaintiff was injured. Even assuming that Dover, Inc., was aware of the dangerous condition of the ditch, the evidence clearly indicates that Marvel, the independent contractor, was equally knowledgeable of the condition. Boring tests were taken by Marvel to determine the condition of the soil and these tests disclosed to Marvel that the soil contained "high water and clay." In full appreciation of the danger to his employees presented by the condition of the soil, Marvel employed certain safety measures which, unfortunately, proved inadequate. The fact that alternative safety measures, such as shoring the walls of the ditch, were or were not used was a matter of judgment exercised by Marvel in his experience with ditch excavations.

Finally, it is evident that the defective condition in the ditch arose out of the work being performed by Marvel and represented a condition ordinarily encountered in such work. Hence, the disposition of this issue is governed by the rule of law enunciated in Vorous v. Cochran, supra., 249 A.2d at 747, that "the possessor of land has no duty to warn an independent contractor of ordinary dangers incident to the type of work in which he is engaged and performing on the property." This issue is further resolved by reference to the well-settled rule that a possessor of land owes no duty to an employee of an independent contractor with respect to dangerous conditions which are known to the contractor. Grace v. Disston & Sons, Pa. Supr., 85 A.2d 118 (1952).

Summary judgment in favor of defendant Dover, Inc., is therefore granted. The Court's ruling renders it unnecessary to decide whether or not plaintiff assumed the risk of injury.

II

The liability of defendant Richardson is predicated upon its alleged failure to warn plaintiff of dangers known to it and its alleged failure to adequately supervise the construction. Richardson has moved for summary judgment in its favor on the grounds that it owed no legal duty to plaintiff and that there is no evidence in the record of any negligence on its part.

■ Richardson was employed by Dover, Inc., to prepare plans and specifications for the general construction site and for the location of excavation ditches to accommodate the sewer pipeline. The parties apparently concede, and the circumstances of this case purport to indicate, that Richardson performed services that were in their nature architectural. As such, Richardson's liability is contingent upon the existence of some breach of duty which is, by law, imposed on an architect with respect to the employees of an independent contractor.

One who entrusts work to an independent contractor, but who retains control over the manner or methods used by the contractor in performing his work, is subject to liability for physical harm to the employees of the independent contractor for whose safety the entrustee owes a duty to exercise reasonable care. Restatement of Torts, Second, § 414. This rule is applicable to anyone with authority who entrusts work to an independent contractor, e. g., an owner, general contractor or architect. Weber v. Northern Illinois Gas Company, Ill.App., 295 N.E.2d 41, 49–50 (1973). Consequently, this issue of the retention of

*active control* is equally significant in determining the liability of Richardson as it was in determining the liability of Dover, Inc.

■ Before an architect can be held liable to the employee of an independent contractor, it must first be established that the architect had the duty to supervise the method or manner of doing the details of the work being performed by the contractor. There can be no liability, therefore, where the architect's supervisory controls do not exceed those controls necessary to assure that the results of the contractor's work comply in technical detail with the plans and specifications prepared by the architect, and where the architect is under no duty to supervise the particular procedures utilized to achieve the end result. Parks v. Atkinson, 19 Ariz.App., 111, 505 P.2d 279 (1973); Reber v. Chandler High School District #202, Ariz.App., 474 P.2d 852 (1970); Garden City Floral Co. v. Hunt, 126 Mont. 537, 255 P.2d 352 (1953).

■ The undisputed facts show that pursuant to its contract with Dover, Inc., Richardson Associates undertook to design the locations and depths of the storm sewers and sanitary sewer lines. Richardson prepared the necessary drawings for that purpose, indicating thereon both the directions and the elevations of the pipeline for use by Marvel, an independent contractor. Richardson's employees located the course and grade of the pipes and staked out the sewer lines and indicated the depths. There is no evidence at all to indicate that Richardson undertook to direct or supervise the particular details of the work being performed by Marvel or his employees. Consequently, Richardson's supervisory controls did not go beyond those controls ordinarily retained by an architect to assure that the contractor complies with the applicable plans and specifications.

The Court finds, therefore, that since Richardson did not retain or voluntarily exercise any legally significant control over the manner or methods used by Marvel in his work, it cannot be liable for personal injuries sustained by plaintiff in the performance of his work for Marvel. Moreover, the evidence indicates that Marvel, not Richardson, was responsible for determining the sub-surface condition of the soil and for taking appropriate safety precautions to protect his employees working in the ditches. The evidence also reveals that Marvel had actual knowledge of the condition of the soil and recognized the potential dangers to his employees incident to the particular nature of the soil. Hence, Richardson was relieved of any duty, assuming *arguendo* that one existed, to warn plaintiff of soil conditions or potential dangers which were known by Marvel to have existed. Compare Vorous v. Cochran, supra.

Accordingly, summary judgment is also granted in favor of defendant Richardson.

It is so ordered.